ORIGINAL

FILED

08 MAY 29 PM 3:44

BY: ECE DEPUTY

Renée Welze Livingston – 124280
LIVINGSTON LAW FIRM
A Professional Corporation
1600 South Main Street, Suite 280
Walnut Creek, CA 94596
Tel: (925) 952-9880
Fax: (925) 952-9881

Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, vs. JOHN M. COLEMAN and DOES 1-20, inclusive, Defendants. | Case No. '08 CV 0952 BTM AJB **COMPLAINT FOR VIOLATION OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE ACT; UNJUST ENRICHMENT; AND CONVERSION** **DEMAND FOR JURY TRIAL** |

BY FAX

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY, through its undersigned attorneys, as and for its Complaint against Defendant herein, alleges:

**PARTIES**

1. Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York.

2. Upon information and belief, Defendant John M. Coleman ("Defendant") is an individual residing at 1362 Bryan View Circle, San Diego, California 92114, and is the son of the decedent, Magdalena R. Coleman (the "Decedent").

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege defendants' true names and capacities when ascertained. Each reference in this complaint to "defendant" or a specifically named defendant



CP

refers also to all defendants sued under a fictitious name. Plaintiff is informed and believes and thereon alleges that each of the defendants was the agent, servant, employee and/or representative of the other defendants and that each such defendant at all times herein mentioned committed such acts or omissions within the course and scope of its/his/her agency, employment or representative capacity with full knowledge, consent, authority and ratification of each of the other defendants named herein.

## JURISDICTION AND VENUE

4. In this action, Plaintiff MetLife seeks to recover funds that were inadvertently paid by MetLife to the Defendant pursuant to his claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716, a federal statute.

5. Pursuant to 5 U.S.C. § 8715, the district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded on this chapter. Therefore, the United States District Court for the Southern District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 8715.5.

6. Upon information and belief defendant is a resident of San Diego, California. Accordingly, venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. In 1954, Congress enacted FEGLIA "to provide low-cost group life insurance to Federal employees." H.R. Rep. No. 2579 at 1 (1954), reprinted in 1954 U.S.C.C.A.N. 3052.

8. Federal law authorized the establishment of the Employees' Life Insurance Fund of the Treasury of the United States of America into which employer and employee premiums for the cost of FEGLI insurance ("FEGLI Proceeds") are deposited.

9. Payments of FEGLI Proceeds result in withdrawal of funds from the United States Treasury.

10. Pursuant to the Appropriations Clause of the Constitution of the United States of

America, payments of money resulting in withdrawals from the United States Treasury must be authorized by federal statute. *Office of Personnel Management v. Richmond*, 110 S. Ct. 2465, reh'g denied, 111 S. Ct. 5 (1990).

11. Pursuant to 5 U.S.C. §§ 8709 – 8716, the United State Office of Personnel Management ("OPM") is authorized, under 5 U.S.C. §§ 8709–8716, to "prescribe regulations necessary to carry out FEGLIA's purposes."

12. FEGLIA, and the associated federal regulations at 5 C.F.R. Part 870, requires OPM to contract with a private insurance company to administer the processing of FEGLI claims pursuant to applicable federal law. Pursuant to FEGLIA 5 U.S.C. § 8709, Plaintiff MetLife issued MetLife's Group Policy No. 17000-G, known as the Federal Employees Group Life Insurance Policy (the "FEGLI Policy"), to OPM.

13. MetLife is required to make payment of FEGLI Proceeds upon establishment of a valid claim to the proper beneficiary(ies) pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

14. The Office of Federal Employees Group Life Insurance ("OFEGLI") (hereinafter "MetLife") is the administrative unit of Plaintiff MetLife charged with the responsibility of administering all FEGLI claims pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

15. The business of the FEGLI Program, up to the point of the death of covered employees or retirees, is conducted by agencies of the United States of America.

16. The responsibilities of the federal agencies (including OPM for retirees) with regard to the FEGLI program include collecting shares of the cost of the FEGLI coverage through deductions from the salaries of federal employees and the annuity benefits of federal retirees. It is the sole responsibility of the federal agencies to receive and process requests for changes in beneficiary designations from federal employees and retirees and to submit beneficiary designations to MetLife upon the federal employee's death.

17. The decedent, Magdalena R. Coleman, was covered for life insurance under the FEGLI Policy through her employment with the Department of The Navy in San Diego, California.

18. On or about November 22, 1996, the decedent executed a Beneficiary

Designation, in which she named Defendant John M. Coleman to receive 50% of the FEGLI Proceeds that became due upon her death.

19. On or about September 28, 2006, the decedent executed a Beneficiary Designation, in which she named two additional people, other than Defendant John M. Coleman, to be paid the FEGLI Proceeds in three equal shares.

20. Pursuant to Section C, Statement of Insured or Assignee, of the Designation of Beneficiary form, the insured acknowledges the following statement prior to her signature:

> I am canceling any and all previous Designations of Beneficiary under Federal Employees' Group Life Insurance Program and now designating the beneficiary(ies) named above.

21. Accordingly, the September 28, 2006 Designation of Beneficiary form submitted by decedent canceled the November 22, 1996 designation and rendered it null and void.

22. Pursuant to the Code of Federal Regulations, 5 CFR § 870.801(f), an insured individual (or assignee) may change his/her beneficiary designation without the knowledge or consent of the previous beneficiary.

23. On or about October 8, 2006, the decedent died.

24. After the decedent's death, MetLife was provided with documents relevant to her coverage under the FEGLI Policy. The only beneficiary designation form included with those documents was the beneficiary designation dated November 22, 1996, naming Defendant John M. Coleman and one other beneficiary.

25. Shortly thereafter, Defendant claimed FEGLI Proceeds pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

26. On or about November 28, 2006, MetLife paid Defendant 50% of FEGLI Proceeds, amounting to $144, 301.84 (One Hundred Forty Four Thousand Three Hundred and One Dollars and Eighty Four Cents), consisting of $24,000.00 (Twenty Four Thousand Dollars) in Basic Life Insurance benefits, plus $50.31 (Fifty Dollars and Thirty One Cents) in interest; $5,000.00 (Five Thousand Dollars) in Option A life Insurance, plus interest of $10.48 (Ten Dollars and Forty Eight Cents); and $115,000.00 (One Hundred Fifteen Thousand Dollars) in

Option B life insurance plus interest of $241.05 (Two Hundred and Forty One Dollars and Five Cents).

27. After paying Defendant 50% of the FEGLI Proceeds, MetLife received from OPM the Designation of Beneficiary form dated September 28, 2006, in which the decedent named two additional people, other than Defendant, to receive equal shares of the FEGLI Proceeds.

28. FEGLIA mandates that life insurance benefits shall be paid to the beneficiary or beneficiaries named by the decedent in a beneficiary designation that meets the requirement of 5 U.S.C. § 8705(a). Because the decedent executed a beneficiary designation on September 28, 2006, which canceled the beneficiary designation dated November 22, 1996, Defendant was only entitled to receive one third of the FEGLI Proceeds.

29. On or about February 26, 2007, MetLife advised Defendant in writing that he was not entitled to receive, nor to retain, the additional FEGLI Proceeds. MetLife requested that Defendant reimburse $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents). Defendant has willfully and intentionally failed to reimburse MetLife for the FEGLI Proceeds inadvertently paid to him.

**COUNT I**

**(Violation of FEGLIA, 5 U.S.C. §8701-8716)**

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 as if set forth fully herein.

31. On or about November 22, 1996, the decedent designated John Coleman and one other party, as beneficiaries of the FEGLI Proceeds.

32. On or about September 28, 2006, the decedent executed a Beneficiary Designation, in which she named two persons in addition to the Defendant, each to receive the FEGLI Proceeds in equal shares of one-third each.

33. Pursuant to Section C, Statement of Insured or Assignee, of the Designation of Beneficiary form, the insured acknowledges the following statement prior to her signature:

I am canceling any and all previous Designations of Beneficiary

under Federal Employees' Group Life Insurance Program and now designating the beneficiary(ies) named above.

34. Accordingly, the September 28, 2006 beneficiary designation canceled the November 22, 1996 Designation of Beneficiary naming the Defendant and rendered it null and void.

35. After decedent's death, on or about November 28, 2006, Defendant was inadvertently paid 50% of the FEGLI Proceeds, amounting to $144, 301.84 (One Hundred Forty Four Thousand Three Hundred and One Dollars and Eighty Four Cents). Because the November 22, 1996 beneficiary designation was canceled and rendered null and void by decedent's execution of the September 28, 2006 beneficiary designation, Defendant was not entitled to 50% of the decedent's FEGLI proceeds but only one-third.

36. Pursuant to 5 U.S.C. § 8705, FEGLIA mandates that FEGLI Proceeds shall be paid to the beneficiary or beneficiaries named by the insured upon the establishment of a valid claim.

37. Defendant was the lawfully designated beneficiary of the decedent's coverage under the FEGLI Policy for only one-third of the FEGLI proceeds and thus was overpaid $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents).

38. Defendant received FEGLI Proceeds to which he was not entitled in the amount of $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents).

39. On or about February 26, 2007, MetLife advised Defendant of the overpayment, and requested that he reimburse $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents) of the FEGLI Proceeds inadvertently paid to him.

40. Defendant's acceptance of the FEGLI proceeds and refusal to return them to MetLife constitutes a violation of 5 U.S.C. § 8701-8716.

41. Defendant is liable to MetLife for reasonable attorneys' fees and costs of this action in order to recover the overpayment.

42. As a direct and proximate result of Defendant's violation, MetLife is entitled to

recoupment of the payment made to Defendant in an amount to be determined at trial but in no event less than $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents), plus applicable interest, costs, and reasonable attorney's fees.

**COUNT II**

**(Unjust Enrichment)**

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if set forth fully herein.

44. On or about November 28, 2006, MetLife paid Defendant $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents) in FEGLI Proceeds.

45. Defendant was the beneficiary of one-third of the decedent's coverage under the FEGLI Policy and was thus entitled to receive only that portion of the life insurance benefits under applicable federal law.

46. On or about February 26, 2007, MetLife wrote Defendant to advise him that he was not entitled to the additional FEGLI proceeds and to request that he reimburse MetLife $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents).

47. Under the Appropriations Clause (Article I, Section 9) of the United States Constitution, only Congress has the power to authorize disbursement of funds pursuant to FEGLIA. Defendant has no lawful claim to the FEGLI Proceeds because the beneficiary designation naming him for payment was canceled and rendered null and void.

48. Despite due demand, and in breach of FEGLIA, Defendant has failed and refused to reimburse MetLife the FEGLI Proceeds.

49. By receipt of the FEGLI Proceeds and as a result of Defendant's failure to reimburse MetLife for the monies paid, Defendant has been unjustly enriched in the amount of $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents).

50. Defendant is also liable to Plaintiff for reasonable attorneys' fees and costs incurred to recover the FEGLI Proceeds.

51. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to recoupment of the FEGLI Proceeds in an amount to be determined at trial but in no

event less than $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents), plus applicable interest, costs, and reasonable attorneys' fees.

**COUNT III**

**(Conversion)**

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 as if set forth fully herein.

53. Defendant received funds to which he was not entitled. Said funds belonged to Plaintiff.

54. After MetLife discovered that the FEGLI Proceeds were inadvertently paid to Defendant, MetLife informed Defendant of the overpayment and requested him to repay the money.

55. Despite due demand, Defendant has willfully and intentionally failed to reimburse Plaintiff for the FEGLI Proceeds and, upon information and belief, Defendant has unlawfully converted the $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents) in FEGLI Proceeds to his own pecuniary gain.

56. Defendant is liable to MetLife for reasonable attorneys' fees and costs of this action in order to recover the overpayment.

57. As a direct and proximate result of Defendant's wrongful conversions of the FEGLI Proceeds, Plaintiff was harmed and is entitled to recoupment in an amount to be determined at trial but in no event less than $48,100.62 (Forty Eight Thousand One Hundred Dollars and Sixty Two Cents), plus applicable interest, costs, and reasonable attorneys' fees.

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against John M. Coleman as follows:

1. For damages according to proof;
2. For attorneys' fees;
3. For costs of suit;
4. For prejudgment interest; and
5. For such other and further relief as the Court deems appropriate.

Dated: May 28, 2008

LIVINGSTON LAW FIRM

By: ______________________________
Renée Welze Livingston
Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff hereby demands trial by jury.

Dated: May 28, 2008

LIVINGSTON LAW FIRM

By: ____________________
Renée Welze Livingston
Attorneys for Plaintiff
METROPOLITAN LIFE INSURANCE COMPANY

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 MAY 29 PM 3:43
BY: ECQ DEPUTY

**I. (a) PLAINTIFFS**
Metropolitan Life Insurance Company

**DEFENDANTS**
John M. Coleman and DOES 1-20, inclusive

'08 CV 0952 BTM AJB

(b) County of Residence of First Listed Plaintiff: New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Livingston Law Firm, 1600 S. Main Street, Suite 280, Walnut Creek, California 94596

Attorneys (If Known)

BY FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. section 8701-8716
Brief description of cause:
Action to recover funds inadvertently paid to defendants under Federal Employees' Group Life Act

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 48,100.62
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 5/28/08 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 151357 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

BB 05/29/08

CR

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151357 - MB**

**May 29, 2008**
**15:43:45**

**Civ Fil Non-Pris**
USAO #.: 08CV0952
Judge..: BARRY T MOSKOWITZ
Amount.: $350.00 CK
Check#.: BCD3022001

**Total-> $350.00**

FROM: METROPOLITAN LIFE INSURANCE
CO VS JOHN M COLEMAN, ET AL